UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.  CV 14-3089-DMG (PLA)                                                Date April 28, 2014

Title:  Levi Micah Barter v. Jerry Brown, et al.

---

PRESENT: THE HONORABLE     PAUL L. ABRAMS

☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:           ATTORNEYS PRESENT FOR RESPONDENT:
              NONE                                                                              NONE

PROCEEDINGS:          (IN CHAMBERS)

As background, on March 31, 2014, petitioner filed a habeas petition in this Court in Case No. CV 14-2418-DMG (PLA) ("March 31 Petition"). In the March 31 Petition, petitioner raised four grounds for relief, and indicated that he had not raised any of those grounds in the California Supreme Court. (See March 31 Petition at 6-9). On April 3, 2014, the Court issued an Order to Show Cause Re Lack of Exhaustion, as it appeared that petitioner had not exhausted his state judicial remedies in connection with the matter ("Order to Show Cause").

On April 1, 2014, this Court received a second Petition for Habeas Corpus by a Person in State Custody from petitioner, transferred from the United States District Court for the Eastern District of California ("Eastern District Petition"). The document, labeled by petitioner as "Amended Motion for Reconsideration of Petition Under 28 [U.S.C.] § 2254 For Writ of Habeas Corpus by a Person in State Custody," was construed by the transferring court as a Petition for Habeas Corpus. (See Case No. CV 14-2593-DMG (PLA), Docket No. 14). The Eastern District Petition raises the same four grounds for relief as petitioner's March 31 Petition. (Eastern District Petition at 5-6). On April 11, 2014, for the same reasons as those set forth in the Court's April 3, 2014, Order with regard to Petitioner's March 31 Petition, the Court issued an Order requiring petitioner to show cause why his Eastern District Petition should not be dismissed for failure to exhaust state judicial remedies.

On April 17, 2014, this Court received petitioner's instant Petition for Habeas Corpus by a Person in State Custody, transferred from the United States District Court for the Southern District of California. (See Case No. CV 14-3089-DMG (PLA), Docket No. 3). The instant Petition, petitioner's third, raises essentially the same four grounds for relief as petitioner's March 31 Petition and his Eastern District Petition. (Compare Petition at 6-9, with March 31 Petition at 6-9, Eastern District Petition at 5-6). The Court observes that, despite petitioner's previous two habeas filings raising essentially the same four grounds as those raised in this Petition, petitioner erroneously indicates that the instant Petition is his "first federal petition for writ of habeas corpus challenging this conviction." (Petition at 5).

For the same reasons as those set forth in the Court's Order to Show Cause, petitioner shall also show cause, **no later than May 12, 2014**, why the instant Petition should not be dismissed for failure to exhaust state judicial remedies.  Filing by petitioner of an Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus -- clearly showing that petitioner has exhausted his state judicial remedies, shall be deemed compliance with this Order to Show Cause.  Petitioner is advised that his failure to show in his Amended Petition that he has exhausted his state judicial remedies will result in the action being dismissed for lack of exhaustion.  Petitioner is further advised that his failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and follow Court orders.

The Court Clerk is directed to send petitioner a copy of his current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody.  Any Amended Petition or other filing with the Court in this action shall use the case number assigned to this action.


cc:     Levi Micah Barter, Pro se

Initials of Deputy Clerk____ch____