UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEVI MICAH BARTER,<br><br>        Petitioner,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>        Respondents. | No. CV 14-3089-DMG (PLA)<br><br>**SECOND ORDER TO SHOW CAUSE RE EXHAUSTION** |

### INTRODUCTION

On March 31, 2014, Levi Micah Barter ("petitioner"), who is currently confined at the Kern Valley State Prison, in Delano, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "March 31 Petition") in Case No. CV 14-2418-DMG (PLA). According to the March 31 Petition, petitioner was challenging his 2009 conviction in the Los Angeles County Superior Court under California Penal Code §§ 245(a)(1), 12022.7(a). (See March 31 Petition at 1-2). On April 29, 2014, following petitioner's response to an Order to Show Cause ("OSC") that failed to address the issue of exhaustion, the District Judge dismissed the March 31 Petition without prejudice for lack of exhaustion. A subsequent filing by petitioner in that case, which was construed as a Motion pursuant to Federal Rule of Civil Procedure 60(b), did address the issue of exhaustion, and indicated, for the first time, that petitioner had filed a petition for habeas corpus in the California Supreme Court, in Case No. S217159. Petitioner waited until after the March 31

Petition had already been dismissed before providing any information about his state supreme court filing, and even then failed to provide any information about the grounds raised in his state petition.

On April 1, 2014, a separate habeas petition, originally filed by petitioner in the United States District Court for the Eastern District of California ("Eastern District Petition"), was transferred to this Court in Case No. CV 14-2593-DMG (PLA). On April 29, 2014, following petitioner's response to an OSC regarding exhaustion of the grounds included in the Eastern District Petition, the District Judge dismissed the Eastern District Petition without prejudice for lack of exhaustion. The District Judge denied a subsequent motion for reconsideration. In a second motion for reconsideration in that case, petitioner indicated for the first time that he had filed a petition for habeas corpus in the California Supreme Court, and provided the same case information as he provided in his motion for reconsideration in Case No. CV 14-2418-DMG (PLA).

On April 17, 2014, petitioner's <u>instant</u> Petition for Writ of Habeas Corpus by a Person in State Custody was transferred to this Court from the United States District Court for the Southern District of California in Case No. CV 14-3089-DMG (PLA) ("Petition"). In the Petition, petitioner raised essentially the same four grounds for relief as in the March 31 Petition and the Eastern District Petition. (<u>Compare</u> Petition at 6-9, <u>with</u> March 31 Petition at 6-9, Eastern District Petition at 5-6). On April 28, 2014, because the Petition indicated that none of the four grounds for relief was exhausted, and for the same reasons as in the other two cases, the Court ordered petitioner to show cause why the instant Petition should not be dismissed without prejudice for failure to exhaust state remedies. Based on information recently provided by petitioner in the other two cases, it now appears that petitioner may have exhausted his state judicial remedies.

## DISCUSSION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, while it appears from the filings in this case that petitioner has not exhausted his state judicial remedies in connection with this matter,[1] based on petitioner's filings in his two other habeas actions (Case No. CV 14-2418-DMG (PLA) and Case No. CV 14-2593-DMG (PLA)), it appears that petitioner may have exhausted his state court remedies.  Specifically, in those cases,

---

[1] Petitioner represents that he has not filed any "petitions, applications, or motions ... with respect to this judgment" in the California Court of Appeal.  (See Petition at 3).  He further indicates that he "did not file a petition, application or motion ... with the California Supreme Court[] containing the grounds raised in this federal Petition" because "this is a federal question based on 'Apprendi v. New Jersey' and all related law cited."  (See Petition at 5).

3

despite his assertions to the contrary in this case, petitioner has indicated that he filed a state habeas petition in the California Supreme Court, in Case No. S217159.[2]

### ORDER

For the foregoing reasons, **no later than June 4, 2014**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies. Filing by petitioner of an Amended Petition in this action (No. CV 14-3089-DMG (PLA)) -- on the Central District of California's form Petition for Writ of Habeas Corpus -- clearly showing that petitioner has exhausted his state judicial remedies, as well as filing a complete copy of the state habeas corpus petition that was denied by the California Supreme Court on April 23, 2014, shall be deemed compliance with this Order to Show Cause. **Petitioner is advised that his failure to show in his Amended Petition that he has exhausted his state judicial remedies, including by providing the Court with a copy of his California Supreme Court habeas petition, will result in the action being dismissed for lack of exhaustion. Petitioner is further advised that his failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and failure to follow Court orders.**

The Court Clerk is directed to send petitioner a copy of his current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody. Any Amended Petition or other filing with the Court shall use the case number assigned to this action.

DATED: May 21, 2014

/s/ Paul L. Abrams
_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has confirmed that petitioner filed a habeas petition in the California Supreme Court on March 17, 2014, which was denied on April 23, 2014. See California Appellate Courts Case Information website at http://appellatecases.courtinfo.ca.gov.

4